ZIMMER, Respondent, v. ZIMMER and another, Appellants.

*February 2—March 3, 1959.*

428

For the appellants there was a brief and oral argument by *Dudley O. Emmert* of Manitowoc.

For the respondent there was a brief by *Allen B. Adams* of Menasha, and *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton.*

MARTIN, C. J. It is appellants' position on appeal that Zimmer was confronted with an emergency not of his own making and that as a matter of law he was not negligent as to management and control.

Respondent maintains that no emergency confronted Zimmer; that he had both the time and opportunity to take precautionary measures to avoid the collision but failed to take such measures. In taking this position she relies upon *Laughnan v. Aetna Casualty & Surety Co.* (1957), 1 Wis. (2d) 113, 120, 83 N. W. (2d) 747, where the following circumstances were present: The highway "contained icy patches and was slippery;" there was a light drizzle in the air. During the course of some fifteen seconds the plaintiff observed the approaching car of defendant's insured, Smith, following an "erratic course." Laughnan's only reaction was to take his foot off the accelerator and continue on his own side of the road. When the cars were almost in passing position the Smith car swerved sharply into the Laughnan car. This court said:

"Whether his [Laughnan's] was the conduct of an ordinarily prudent man under the circumstances was clearly a jury question, and the jury might find that by continuing as he did for some fifteen seconds after he saw Smith was in difficulty, thus reducing the time and space in which Smith might regain control, Laughnan impaired Smith's opportunity to do so. The emergency of the last few split seconds

was thus in part created by Laughnan, which prevents the excuse of the emergency doctrine . . . from being available to him."

Hill testified that he was traveling at a speed of 50 miles per hour; that the pavements were icy in spots; that he put on his brakes at an icy spot, whereupon the car skidded and he lost control. This occurred about 500 feet west of the intersection. The car invaded the wrong side of the road about 250 feet west of Meade street and at that time the Zimmer car was east of the easternmost driveway of the animal hospital. Hill testified that after he started to skid he took his foot off the brake and concentrated on steering in order to get the car straightened out; that things were happening so fast that he did not know how far he got over on the other side of the road, but his car was over the center line at all times from a distance of 250 feet west of the intersection. He testified he intended to get his car off onto the north shoulder or into the north ditch before reaching the Zimmer car, but was unable to do so.

On the basis of Hill's testimony the *Laughnan Case, supra,* clearly governs. From that evidence the jury could well have believed that had Zimmer been paying proper attention he would have noticed the skidding of the Hill car and taken some precaution—either stopping or getting off on the shoulder or entering the driveway of the animal hospital—in order to avoid the collision. Zimmer testified that all he could see was that the Hill car was traveling at a slight angle. However, this is contradicted by the testimony of Hill that the car was out of control and at all times over the center line and Hill was trying to straighten it out.

The evidence is susceptible of the inference that, considering the distance between the two cars at the time the Hill automobile invaded the north lane and the speeds at which the cars were traveling, Zimmer had about seven seconds

in which to act before the collision occurred. Had Zimmer greatly reduced his speed or stopped, as he testified he could have done, he would have enlarged the time and the distance in which Hill might have regained control. The jury had the right to conclude that his failure to do so constituted negligence as to management and control.

In holding that the emergency doctrine did not apply, the trial court said in its opinion:

". . . we may properly inquire whether under all the situations disclosed in the evidence in this case the defendant Zimmer can excuse his inaction when it became apparent to him, or ought in the exercise of ordinary care to have become apparent to him, that the defendant Hill had lost control of his automobile and would continue to invade the westbound lane of traffic. . . .

". . . Hill claims that he lost complete control. For a considerable period of time after Hill's automobile invaded the westbound lane of traffic on U. S. Highway 41, his automobile was only partly over the center line. However, the defendant Zimmer kept on going with his automobile, and he testifies to no reduction of speed except only that he just pumped the brakes. The defendant Zimmer admitted having knowledge of the 10-to-11-foot-wide dry shoulder immediately to his right, and he made no attempt to get out of the path of the Hill automobile."

*By the Court.*—Judgment affirmed.